BARTHOLOMEW CROWLEY *vs.* THE COMMONWEALTH.

When an indictment charges, in one count, a breaking and entering of a building, with intent to steal, and, in another count, a stealing in the same building, on the same day, and the defendant is found guilty generally, the sentence, whether that which is proper for burglary only, or for burglary and larceny also, cannot be reversed on error, because the record does not show whether one offence only, or two, were proved on the trial; and as this must be known by the judge who tried the case, the sentence will be presumed to have been according to the law that was applicable to the facts proved.

THREE WRITS OF ERROR, to reverse judgments rendered against the plaintiff in error, at the February term of the court of common pleas in this county, on three indictments. Each of the indictments contained two counts; the first charging the plaintiff in error with breaking and entering a building in the night time of a certain day, with intent to steal ; and the second charging him with stealing in the same building, on the same day. To two of these indictments the plaintiff in error pleaded guilty, generally ; to the other he pleaded not guilty, and was found guilty by a jury, by a general verdict. On the first indictment, he was sentenced to three days' solitary imprisonment, and confinement at hard labor afterwards, for the term of four years. On the second indictment, the sentence was the same as on the first, to be executed after the expiration of the first sentence. On the third indictment, the sentence was to two days' solitary imprisonment, and confinement at hard labor afterwards for the term of two years, to be executed after the expiration of the two former sentences.

The error assigned in each case was, that as the plaintiff in error was convicted of three distinct larcenies, at the same term of the court, he ought to have been adjudged to be a common and notorious thief, and have been sentenced as such, according to the provisions of the Rev. Sts. *c.* 126, § 19.

These cases were argued at Boston.

*B. F. Butler*, for the plaintiff in error.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J. The first of these writs seeks the reversal of

a judgment rendered against the plaintiff in error, at a court of common pleas, February term 1840, on an indictment for a larceny of the property of Samuel M. Williams and others. The error assigned is, that the plaintiff in error was convicted, on this indictment, of a larceny, and also on two other indictments, at the same term, but was not sentenced as a common and notorious thief. In examining the record, it appears that this indictment against the plaintiff in error contained two counts. The first charges that, at said Lowell, on the 8th of November 1839, he broke and entered the dwelling-house of Samuel M. Williams, in the night time, with intent to steal the goods of said Williams. In the second, he is charged with stealing, on the same day, certain articles, described as the property of said Williams and other persons of the name of Williams. On conviction by the jury, he was sentenced to three days' solitary imprisonment, and afterwards to confinement at hard labor for the term of four years, to commence from and after the expiration of the sentence to four years for breaking and entering the dwelling-house of Jacob Graves.

It should be remarked, as we have frequently had occasion to observe, since the passing of the revised statutes, that there is an inconvenience in this form of the sentence, inasmuch as those statutes, providing for imprisonment, prescribe a maximum amount of imprisonment for the offence, without saying, as in the former statutes, so much solitary, and so much at hard labor. The law declares that the convict be punished by imprisonment for a fixed term in the aggregate. Then, by a general provision, (Rev. Sts. c. 139, § 8,) when punishment by imprisonment in the state prison is awarded, it shall be designated, by the sentence, that he shall suffer solitary imprisonment for such time as the court shall direct, not exceeding twenty days at one time. The most convenient and intelligible form of sentence, under this provision, is to designate the whole term of imprisonment, stating what portion thereof shall be solitary, and the residue at hard labor. But as the law, in the present case, would have warranted a

much longer term of imprisonment for breaking and entering a dwelling-house, as charged in the first count, this judgment is not alleged to be erroneous by reason of excess. If this sentence were upon the first count alone, there is no doubt that the judgment would be good ; the maximum of punishment being within the limit affixed by law to that offence. 6 Met. 240.

But the specific ground of objection, relied upon as error, is, that as the plaintiff in error was charged with a larceny, in the second count, as a distinct, substantive offence, and convicted thereon by a general verdict, and was also convicted of two other larcenies at the same term, he should have been sentenced as a common and notorious thief, for three larcenies, in addition to the punishment for the burglaries, and that the judgment, which was rendered, and which would have been good if it had stood alone, was erroneous, because no such separate judgment was entered.

The other two judgments, which are brought before us, are of the same character. One charges, in the first count, the breaking and entering of the shop of Daniel Kittredge, in the night time, with an intent to steal his goods, and, in a second count, with stealing, at the same time, the goods of the same person ; to which he pleaded guilty, generally. He was sentenced, on this conviction, to two days' solitary imprisonment, and to hard labor in the state prison two years, after the two former sentences in the cases of Jacob Graves and Samuel M. Williams.

The third of these judgments (the first in the order of sentences originally passed) was on an indictment which, in the first count, charges the plaintiff in error with breaking and entering the dwelling-house of Jacob Graves, in the night time, with an intent to steal, and, in the second count, with stealing the goods of said Graves. To these he pleaded guilty, and he was sentenced to solitary imprisonment three days, and to hard labor four years, in the state prison.

These three cases, therefore, stand on the same ground ; and if either is valid, all are valid.

In *Commonwealth* v. *Hope*, 22 Pick. 1, it was held, that when a burglarious entry and stealing are charged, the actual stealing, if averred and proved, is equivalent to the charge and proof of an intent to steal, but that the larceny is merged in the burglary, and the offence thus charged is single, and to be punished as a single offence of burglary.

In *Josslyn* v. *Commonwealth*, 6 Met. 236, it was held that two offences, of like kind, subject to the same mode of trial, and to the same kind of punishment, might be joined, and, on general conviction, be punished by one sentence.

In *Carlton* v. *Commonwealth*, 5 Met. 532, it was held that when two offences are charged in two distinct counts in one indictment, which are punishable by solitary imprisonment and confinement at hard labor, the judgment is valid, if the entire sentence, in part at solitary imprisonment, and in part to confinement at hard labor, does not exceed that which the law would warrant, as upon a conviction of both of the offences charged, and found by a general verdict. The effect of that decision was, that in order to sustain a judgment, which would be otherwise erroneous, and as there is nothing on the record to show that the two counts were for one and the same offence, the court could not, on the face of the record, judicially determine that the judgment was not warranted by such conviction; because the two counts might be for two distinct, substantive offences.

The argument for the plaintiff in error, in the present case, proceeds on the ground, that because two offences may be charged in two different counts of one indictment, and a general verdict be returned, it is a conclusion of law, that this is necessarily a conviction of two substantive offences; and if there is not in the judgment some punishment expressly, or by reasonable intendment, applicable to each, the judgment will be erroneous. Some expressions, in the case of *Carlton* v. *Commonwealth*, 5 Met. 534, are relied upon, to sustain this argument. The judgment in that case, sentencing Carlton to five years' hard labor, after solitary imprisonment for one day, exceeded, by that one day, the judgment which the law would

warrant for the burglary alone, which was charged in the first count. The court held, that as the further conviction, on the second count, for the stealing of goods, would have warranted a further imprisonment, and covered the one day, and as it might have been for a distinct offence, and taken into consideration by the court in rendering the sentence, we could not pronounce the judgment erroneous. The language of the court is, "we cannot presume that they were one and the same offence, nor, though alleged to be on the same day, that they were done at the same time." It would have been more accurate, perhaps, to say that we were not bound to presume, or necessarily obliged to conclude, from the record, that they were for the same offence, nor, though alleged to be on the same day, that they were done at the same time. This idea is suggested in the next sentence, namely, "we cannot say judicially that they are the same, though," &c. The effect of the judgment was, that there was no legal conclusion, from the state of the record, that the two counts were for one and the same offence, but that, on the contrary, they might have been for distinct offences, which would have warranted the judgment; and therefore we could not say, as matter of law, on the face of the record, that the judgment was erroneous.

But we know that it is a frequent practice, and a useful one, when a burglary is charged, alleging an intent to steal, to add a second count, charging a larceny at the same time, in order that if the evidence fails to establish the former, there may be a verdict of 'not guilty of the breaking and entering,' and of 'guilty of the theft;' in which case, the convict is punished for the smaller offence. It has been held, however — as the burglary is regarded in the law as much the higher offence — that when the breaking, entering and actually stealing are charged as one burglary, it may be proved as charged, and one sentence is applicable to the one substantive offence of burglary. Such was the effect of the decision in *Commonwealth* v. *Hope*, 22 Pick. 1. In *Josslyn* v. *Commonwealth*, 6 Met. 240, it was held that when the burglary and the larceny are alleged in one and the same count, there can

be but one sentence on a general verdict; but when they are charged in different counts, it is not necessary to presume that the larceny is intended to be charged as a part of the offence of burglary; but it may be a distinct offence, and the sentence may extend to both, as distinct offences. It does not necessarily follow, however, that they will appear, on the proof, to be distinct offences. The larceny charged in the second count may prove to be the theft committed at the time of breaking and entering, and so may be included in the sentence for the one larger offence, as it must have been, if laid in the same count and proved by the same evidence. And there seems to be no good reason why the same crime, consisting of the same facts, and proved by the same evidence, should be necessarily punished in a different manner, or by a different sentence, when charged in two counts, and when charged in one count.

It must be known to the judge before whom the cause is tried, whether the two counts, and the evidence offered in support of them, establish one combined case of burglary and larceny, or the distinct cases, one of burglary, and one of larceny. But the record does not show this; and it is, therefore, not competent for the court to decide that, in law, the judgment is erroneous in not affixing a sentence which, in terms, or by necessary intendment, includes a distinct punishment for the offence charged in the second count, and found by the verdict; because that might have been the larceny committed at the same time with the breaking and entering, and merged in it, and so included in the punishment for that offence. If such was the case, then no separate judgment was required against the plaintiff in error, as a common and notorious thief, or otherwise, in consequence of the three convictions on the three second counts, being one on each of the indictments for burglary; and the judgments thereon are not erroneous for want of such a judgment.

*Judgment affirmed in the three cases*